Overdeer & Aughinbaugh v. Wiley, Banks & Co.

OVERDEER & AUGHINBAUGH *vs.* WILEY, BANKS & Co.

[ASSUMPSIT ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Joint plea by several, if bad as to one, bad as to all.*—A joint plea by several defendants, which is bad as to one, is bad as to all.

2. *Gratuitous promise.*—A promise by a creditor, in consideration of the execution of a note by his debtor for a debt already due, to supply him with goods in future, is without consideration.

3. *When misrepresentation does not constitute fraud.*—If a creditor, for the purpose of obtaining his debtor's note for a debt already due, falsely and fraudulently promises to supply him with goods for a specified future time, this constitutes no defense to an action on the note.

APPEAL from the Circuit Court of Jackson.

The record does not show the name of the presiding judge.

THIS action was brought by Wiley, Banks & Co., against Overdeer & Aughinbaugh, as partners, Benjamin F. Gibson, and Samuel C. Norwood; and was founded on the defendants' promissory note for $300, dated June 6th, 1850, and payable May 1st, 1852. The defendants filed five joint pleas, the first of which was the general issue; and the others special pleas, the material portions of which are stated in the opinion of the court. The sustaining of a demurrer to the several special pleas is the matter now assigned as error.

N. ROBINSON, for the appellants.

ROBERT C. BRICKELL, *contra.*

WALKER, J.—The second, third, fourth and fifth pleas are joint *pleas* by all the four defendants, and set up the matters therein contained as defenses to the entire action by all the defendants. The demurrers were properly sustained to those pleas, unless they were good defenses to the action as to all the defendants. If Gibson and Norwood alone were, upon the facts averred, free from liability on the note sued upon, a separate plea by them was necessary. A joint plea by the four defendants, which is bad as to Overdeer & Aughinbaugh, must also be bad as to the other two defendants. The principle is thus stated in Chitty on Pleading, page 598 : "A plea which is bad in part, is bad *in toto ;* if, therefore, two defendants join in a plea, which is sufficient for one, but not for the other, the plea is bad as to both." It is, therefore, in this case, only necessary for us to inquire, whether the matters averred in the pleas constitute a good defense as to all the defendants.

The second plea alleges, that the note which is the predicate of the suit was given for an antecedent debt of Overdeer & Aughinbaugh, and that the defendants Gibson and Norwood were induced to sign the note, by a promise of one of plaintiffs, that they would for the next three years supply Overdeer & Aughinbaugh, upon the usual time and terms, with dry goods, to be retailed, so as to enable them to continue their business and pay the note ; that this promise was totally disregarded on the part of the plaintiffs, notwithstanding application was made to them for a compliance with it ; and the plaintiff who made the promise revoked, by a private communication, a letter of credit which he gave to his house in Charleston.

The third plea is different from the second, in this, that it avers that the promise to supply, for the next three years, goods to Overdeer & Aughinbaugh, was made as an inducement to all the defendants to sign the note ; and that the promise was fraudulently made, without any intention of complying with it.

The fourth and fifth pleas set up the same matters with the second and third, and super-add the conclusion, that the note was without consideration, and was fraudulently obtained. The conclusions averred in the fourth and fifth pleas add nothing to their sufficiency; and those pleas, therefore, present precisely the same question with the second and third.

As to Overdeer & Aughinbaugh, the pleas·are clearly bad. The note was given for their antecedent debt, the correctness of which is not denied in the plea. The note was, therefore, as to them, founded on a valid and valuable consideration, co-extensive in amount with it. The promise to supply goods in future was, as to Overdeer & Aughinbaugh, gratuitous, without consideration, and, therefore, not susceptible of enforcement in a court of law.

The defense of fraud is not available to the principal debtors. However false and deceitful may have been the representations of that one of the plaintiffs who took the note, they do not constitute fraud in contemplation of law, as to Overdeer & Aughinbaugh. A misrepresentation, to constitute a fraud as to any person available in a court of justice, must be prejudicial. No action lies for, and no defense can be based on, a misrepresentation, without damage or harm. "Fraud, without damage, gives no cause of action; but when these two do concur, and meet together, there an action lieth." Overdeer & Aughinbaugh owed the debt for which the note was given. The note was given payable after the expiration of near two years. In giving the note, Overdeer & Aughinbaugh have certainly done nothing harmful to themselves; and, if induced to give the note by deceit, the deceit has certainly not prejudiced them. So far as they are concerned, it was simply a promise to pay, at a future day, a debt already due.

It is proper to remark, that this suit was instituted before the adoption of the Code; and therefore the provision of the Code, requiring a party demurring to specify the grounds of demurrer, does not apply to the case.— Code, § 2253.

The judgment of the court below is affirmed.