# Doe, *ex dem.* Evans *v.* Richardson.

## *Ejectment.*

1. *Amendment of complaint; take effect when.*—An amendment of the complaint, when properly allowed, relates back to the commencement of the suit, as to all matters within the *lis pendens* and issue between the parties; but, when introducing any new matter, which is barred by the statute of limitations, or to which any other legal defense then exists, it takes effect only from the time of its introduction and allowance.

2. *Same.*—Where the action was brought against a married woman alone, by her name before marriage, and she filed a plea of coverture and misnomer; after which the complaint was amended, by leave of the court, by correcting the mistake as to her name, and by bringing in her husband as a defendant, who was summoned by an *alias*; *held*, on a plea of the statute of limitations, interposed by the defendants jointly, that the statute run only to the commencement of the suit, and not to the allowance of the amendment, or to the issue of the *alias* summons.

3. *Joint plea by two, of defense good as to one only.*—When two defendants join in a plea, which is sufficient for one of them only, it is bad as to both.

4. *Attestation and acknowledgment of conveyance.*—A conveyance of lands, signed by the grantors by mark only, without attesting witnesses, and acknowledged before the clerk of a Probate Court in Mississippi, where it was executed, whose certificate is not in the form prescribed by law (Code, §§ 2145-46, 2156-58), is inoperative as a conveyance of title.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. Wm. E. CLARKE.

This action was brought by Abe Evans, to recover an undivided half interest in a certain lot or parcel of land in the city or Mobile. Mahala Loughridge was named as tenant in possession, in the original notice; and a summons was issued against her on the 23d January, which was served on the 28th January, 1878. She appeared, and filed a plea averring that, at the commencement of the suit, and when her plea was filed, she was the wife of Joseph Richardson, and her name was Mahala Richardson. Thereupon, by leave of the court, at the Fall term, 1881, the complaint was amended, " by making the name of the defendant Mahala Richardson (instead of Loughridge), and by adding the name of Joseph Richardson, her husband, as a party defendant." On the 20th May, 1882, as the minute-entry recites, "came the parties, by their attorneys, and it is ordered that an *alias* summons be issued for the defendant, Joseph Richardson; and the cause is continued by the plaintiff." A summons was thereupon issued on the 13th September, 1882, against Mahala and Joseph Richardson, which does

]Doe, ex dem. Evans v. Richardson.]

not on its face appear to be an *alias;* and this summons was served on said Joseph Richardson, on the 14th September, 1882. The defendants jointly pleaded not guilty, the statute of limitations of ten years, and adverse possession for three years, with a suggestion of the erection of valuable improvements; and issue was joined on these several pleas.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence a deed executed by Alfred Palmer and wife, dated December 12th, 1868, by which the land in controversy was conveyed to Mahala Loughridge and Clarissa Evans; and he claimed a half interest in the lands, as the surviving husband of said Clarissa Evans, who was his wife at the time said deed was executed, and by whom he had children. The plaintiff, testifying as a witness for himself, stated that the premises were occupied by said Mahala and her husband, Wash. Loughridge, and by himself and his wife, jointly, from the date of said deed, until March, 1869, when he removed to Mississippi, where he remained until 1873; that on his return to Mobile, in 1873, he and his wife again occupied the premises jointly with said Wash. and Mahala for several months, and quit the house because said Clarissa and Mahala quarreled; and that said Clarissa died, intestate, in April, 1875, leaving one child living. The defendants claimed said Clarissa's half interest in the property, under a deed executed by said Clarissa and her husband (the plaintiff), which was dated March 6th, 1869, and purported to be signed by them by mark only; was without any attesting witnesses, but was acknowledged by the grantors, on the 19th March, 1869, before the clerk of the Probate Court of Lowndes county, Mississippi, whose certificate, appended to the deed, stated that the grantors appeared before him on that day, "and severally acknowledged that they signed, sealed and delivered the within deed, on the day and year, and for the purposes therein expressed;" and further, "that the said Clarissa, on private examination separate and apart from her husband, acknowledged that she signed, sealed and delivered the same, as her act and deed, freely and voluntarily, and without any fear, threats or compulsion of her said husband." This deed recited a consideration of $300 in hand paid, and purported to convey the grantors' undivided interest in the property to said Wash. Loughridge; and it was proved that said Wash. died in 1875, the said Mahala claiming his interest as his surviving wife. The plaintiff objected to the admission of this deed as evidence, "because the same was not attested, nor acknowledged in the form prescribed, nor before an authorized officer, as required by law. The defendants then stated, that it was offered as color of title, and that they expected to show adverse possession of the interest claimed by plaintiff in this suit. The court there-

[Doe, ex dem. Evans v. Richardson.]

upon ruled, that said deed, in connection with the deposition of Baldwin" [the clerk by whom the certificate was made], "was competent evidence as color of title," and allowed it to be read in evidence for this purpose; to which ruling the plaintiff excepted. The plaintiff testified, in rebuttal, that the consideration recited in said deed was never paid, and that the deed was executed and sent to said Wash. Loughridge, at his request, only for the purpose of enabling him to sell and convey the property for the joint benefit of the parties.

"The defendants contended, before the court, that the statute of limitations continued to run in their favor down to the issue of the writ of September 13th, 1882; while the plaintiff contended, that said writ was only a continuation of the original suit, under the amendment allowed at a former term, as shown by the record; but the record of the suit against Mahala Loughridge was not introduced as evidence. The court determined, on inspection of the pleadings (there being no evidence offered on this question, on either side, except that the deputy-sheriff testified that the defendants were in possession of the land in September, 1882, when he served the summons and complaint on them, and that said Mahala had been living there, to his knowledge, since 1868, or 1869), that the process issued on the 13th September, 1882, must be held to be the commencement of an original suit, and that the statute of limitations would continue to run down to that date;" and so instructed the jury, in substance. The plaintiff excepted to this ruling and charge, and he now assigns it as error, together with the rulings of the court on the evidence.

JAS. BOND, with whom was D. C. ANDERSON, for appellant. (1.) The instrument admitted as evidence, being signed by mark only, was inoperative as a conveyance, unless attested by two witnesses, or acknowledged in the form prescribed by law; and the certificate appended to it is neither in proper form, nor made by an officer authorized to take and certify acknowledgments.—Code, §§ 2156, 2158; *Stewart v. Beard*, 69 Ala 470; *Dugger v. Collins*, 69 Ala. 328. (2.) Being imperfect and ineffectual as a deed, it can not operate as color of title. *Allen v. Kellam*, 69 Ala. 447; *Callender v. Sherman*, 5 Ired. 711; *Moore v. Brown*, 11 How. U. S. 414; 8 Cowen, 589; 11 Mart. La. 75; 4 Mart. N. S. 224; 25 Geo. 178; 21 Texas, 97. (3.) The husband of the original defendant was properly brought in as a party by amendment (Code, §§ 2892, 3156); and the amendment related back to the commencement of the suit, and avoided the plea of the statute of limitations.—*Dowling v. Blackman*, 70 Ala. 303; *Stringer v. Waters*, 63 Ala.

[Doe, ex dem. Evans v. Richardson.]

361; *King v. Avery*, 37 Ala. 169 ; *Reed v. Scott*, 30 Ala. 640; *Long v. Patterson*, 51 Ala. 414.

CLOPTON, J.—Section 3156 of Code 1876 authorizes the amendment of the complaint, by striking out or adding new parties defendant, upon such terms and conditions as the justice of the case may require.    The amendment, when allowed, relates to the date of filing the original complaint.    The limitation upon this doctrine of relation to the commencement of the suit is, that the amendment will not be permitted to deprive the defendant of any rightful and legal defense.    When any new matter or claim, not within the *lis pendens* and the issue between the parties, is introduced by amendment during the progress of a suit, and the statute of limitations operates a bar to such new matter or claim at the time of its introduction, the defendant may insist upon the benefit of the statute, as if the amendment were a new and original suit ; but, if the amendment introduces no new matter or claim, and simply varies the averments as to a subject already in issue, the statute will run only to the filing of the original complaint.—*King v. Avery*, 37 Ala. 169 ; *Mohr v. Lemle*, 69 Ala. 180 ; *Dowling v. Blackman*, 70 Ala. 303.

In *Agee v. Williams*, 30 Ala. 636, it was said :  " The defendant had held the adverse possession of the slave in controversy, under claim of title, from August, or September, 1848. His adverse possession had not continued long enough, at the commencement of the suit, to give him title ; but had continued long enough at the time the amendment was made to give him title, if no suit had previously been brought.    The charge which he requested the court to give, assumes it to be law, that so far as the adverse possession of the defendant is concerned, the amendment of the complaint is to be regarded as the commencement of the suit.    But that assumption is not authorized by law.    The amendment was not the beginning of a new suit, but the correction of a fault in the pending suit—the suit commenced in October, 1853 ; and if, at the commencement of that suit, the adverse possession of the defendant had not continued for six years, it could not bar a recovery under the amended complaint."

The date of the filing of the original complaint is not shown by the record ; but the summons was issued January 23, 1878. The notice given by the casual ejector to the tenant in possession, to appear and defend, was directed to Mahala Loughridge, who appeared at the Spring term, 1878, and filed a plea of misnomer, averring therein that before, and at the time of the commencement of the suit, she was a married woman, the wife of Joseph Richardson, and ever since her marriage had been

[Doe, ex dem. Evans v. Richardson.]

known and called by the name of Mahala Richardson, and by
no other name. Upon the filing of this plea, the plaintiff
asked leave of the court to amend the complaint, so as to make
the name of the defendant consistent with the name suggested
in the plea. On May 16, 1881, the court granted the plaintiff
leave to amend the complaint; and at the Fall term, 1881, the
complaint, by leave of the court, was amended by making the
name of the defendant Mahala Richardson, instead of Mahala
Loughridge, and also by making Joseph Richardson a party
defendant. On May 20, 1882, the court ordered that an *alias*
summons be issued for Joseph Richardson, which was issued
and served September 14, 1882. At the Fall term, 1882, both
the defendants appeared, and filed several *joint* pleas, among
them the statute of limitations of ten years.

The court charged the jury, "that if they should find from
the evidence that Wash. Loughridge, from March, 1869, up to
his death in 1875, and Mahala Loughridge, now Richardson,
after his death, as his heir, had and held adverse possession for
ten years prior to the 13th day of September, 1882, then the
plaintiff can not recover." This charge assumes it to be law,
that the *alias* summons which was issued, by order of the
court, is to be regarded as the commencement of a new suit, so
far as the adverse possession of the defendants is concerned.
This assumption is erroneous. All the proceedings were had—
the amendment, by which Joseph Richardson was added as a
party defendant, was made, and the *alias* summons was issued
—in a pending suit, that had been commenced in 1878. The
suit was certainly commenced at the date of the filing of the
original complaint, as to Mahala Richardson; and if, up to that
time, her adverse possession, and that of her former husband,
Wash. Loughridge, had not continued for ten years, the statute
of limitations can not bar a recovery.

It is not necessary to inquire, what would have been the
right of Joseph Richardson to insist upon the benefit of the
statute, if he had filed a separate plea. If "two defendants
join in a plea, which is sufficient for one, but not for the other,
the plea is bad as to both."—*Overdeer et al. v. Wiley, Banks
& Co.*, 30 Ala. 709.

The deed from Abe and Clarissa Evans to Washington
Loughridge, being without subscribing witnesses, and without
acknowledgment as required by the statute, is inoperative as a
conveyance of title.—*Lord v. Folmar*, 57 Ala. 615; *Stewart v.
Beard*, 69 Ala. 470. We do not deem it necessary to consider
the admissibility of the deed as evidence of color of title, as
the question, probably, will not arise on another trial.

Judgment reversed, and cause remanded.