# Toney *v.* Spragins.

*Bill in Equity to Enforce Testamentary Charge on Lands.*

1. *Testamentary charge on lands construed, as to extent charged.*—Where, the testator, owning an undivided two-thirds interest in fee in a tract of land, by devise from his deceased wife, and an estate *per autre vie* in the other third, by purchase of the dower interest of his mother-in-law, provided that his mother-in-law should have a comfortable support out of his estate, specially charging it on the lands, and describing them as "the lands devised to me by my deceased wife;" devised the lands, subject to said charge, to his wife's sister for life, and then charged "the reversion of said lands" after her death with the payment of $3,000 to his personal representative, for the benefit of his estate; *held,* that while the charge for the support of the mother-in-law might extend to the testator's entire interest in the land, the charge of $3,000 was restricted to his undivided two-thirds interest in the fee.

2. *Limitation of suit by assignee in bankruptcy; fraudulent concealment.*—When an assignee in bankruptcy files a bill (or cross-bill) in equity, for the purpose of enforcing a right or claim which had accrued more than two years previously, a general averment of fraudulent concealment is not sufficient to avoid the statutory bar (U. S. Rev. Stat., § 5057): he must aver the facts constituting such fraudulent concealment, and show how or when he first came to a knowledge of the facts which put him on inquiry.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSPADDEN.

This was a bill in equity, exhibited on the 5th September, 1884, by R. E. Spragins, administrator *de bonis non,* with the will annexed of Samuel W. Coons, deceased, against Caleb, Mildred and John Toney, Nina Barclay Humpe, Geo. E. Humpe, Jr., and Alma Barclay. The facts disclosed by the record, as between the original parties to the cause, and the object and purpose of the bill, are stated in the opinion.

Alfred F. Barclay, as the assignee in bankruptcy of Anderson M. Barclay, intervened by petition, praying to be made a party defendant, and on the 28th of May, 1885, filed an answer which he prayed to be taken and treated as a cross-bill, averring that said Anderson M. Barclay was duly adjudged a bankrupt on February 20, 1868, one A. W. Smith being appointed his assignee; that some years before the filing of the

[Toney v. Spragins.]

answer and cross-bill said Smith departed this life, and there-upon, in April, 1885, said A. F. Barclay was appointed assignee in his place and stead ; that "upon the death of said Clarissa H. Toney on September 22, 1882, the bankrupt estate of said Anderson M. Barclay, as the owner of an undivided one-third interest in the remainder or reversion of said section nine, be-came entitled to the possession and enjoyment of said one-third interest ;" that during the occupancy and possession by said Samuel W. Coons of the land in question he, said Coons, " during all this time, fraudulently concealed from the assignee in bankruptcy of said Anderson M. Barclay the one-third in-terest of said bankrupt estate in the reversion or remainder in said lands ; that by reason of said fraudulent concealment, said interest was not known to said assignee of said bankrupt estate, or to any one who could act therefor, until less than one year before the filing of this answer." The prayer of the cross-bill was for a decree establishing said Alfred F. Barclay's right, as such assignee, to a one-third interest in said section nine ; and upon a partition and division of said section under the direction and decree of the court, that " one full and equal one-third share, or part thereof, may be allotted and conveyed to your orator as such assignee," &c. The complainant de-murred to the cross-bill ; assigning, among numerous other grounds of demurrer, that " said cross-bill does not aver and set out the facts constituting the alleged fraudulent conceal-ment of the alleged right and title set up in said cross-bill ; but only avers that there was a fraudulent concealment of such rights and title ; said cross-bill shows that said claim is barred by the statute of limitations of two years (Revised Statutes U. S. 5057) in showing that A. W. Smith was appointed assignee in 1868, and in showing that the life estate of Clarissa Toney terminated Sept. 22, 1882." The chancellor sustained the de-murrer, holding that said Barclay, as assignee, was barred by the statute ; and caused a decree to be entered in accordance with the prayer of complainant's bill, granting the relief prayed as to all the lands in question.

The overruling of the demurrer, and the final decree of the court in not limiting the enforcement of the charge or lien to two undivided thirds of the land, are here assigned by said Barclay, and his co-respondents, respectively, as error.

R. W. WALKER, for A. F. Barclay, assignee, &c.

CABANISS & WARD, for Caleb Toney, George E. Kumpe, *et al.*, cited the following authorities : 74 Ala. 122 ; *Ib.* 162 ; 70 Ala. 46 ; 2 Smith's Lead. Cas. 752 ; Taylor on Landlord and Ten-ant, 540, § 629 ; *Hoffman v. Hoffman*, 26 Ala. 535.

[Toney v. Spragins.]

D. D. SHELBY and R. E. SPRAGINS, *contra.*—(1.) The will, by its terms, makes the charge upon all the land, excepting no undivided part of it. The fact that the will is so framed, connected with the proof of the testator's possession, shows that he claimed not only the life estate of Clarissa H. Toney, but the entire reversion. The testator's possession, the failure of Matilda W. Barclay and her husband, and the assignee of the latter, to assert any claim to this property, is a recognition on their part of the testator's right to it. It is sufficient for the purposes of this case if the appellee shows a title in the testator superior to the adverse titles set up in defense. (2.) The demurrer to the cross-bill was properly sustained.—Blumenstiel's Bankruptcy, p. 238, and authorities there cited; *Evans v. Richardson*, 76 Ala. 329; *Mohr v. Lemle*, 69 Ala. 180; R. S. of U. S., § 5057; *James v. James*, 55 Ala. 526; *Badger v. Badger*, 2 Wallace, 87.

CLOPTON, J.—The first item of the will of Samuel Coons provides, out of his estate, a comfortable support for his mother-in-law, Clarissa H. Toney, during her life, and specially charges land specifically described as being the lands devised to him by his deceased wife, and composed of Section 9, Township 5, Range 2 West, with such support. The second and third items are as follows:

" 2. Subject to said charge for the support of my mother-in-law, I devise said lands to Mildred A. Barclay during her natural life.

"3. I charge the reversion of said lands after the death of said Mildred A. Barclay with the payment of three thousand dollars, with interest from my death, payable at the death of said Mildred A. Barclay to my personal representatives for the benefit of my estate, or the legatees or distributees thereof."

By the fourth item, the lands are devised, subject to the charge for three thousand dollars, after the death of Mildred A. Barclay, to her children then living, the descendants of any deceased child to take the share such child would have taken if living. The bill is brought by appellee as administrator *de bonis non* with the will annexed of Samuel Coons; and its purpose is to enforce the charge on the entire land for the payment of the three thousand dollars with interest. It alleges, and proceeds on the theory, that Coons, the testator, was seized and possessed, and had the right to dispose of, the entire land. It is admitted, that he owned in absolute right an undivided two-thirds interest, but the defendants insist, that as to the other one-third he only had an estate for the life of Clarissa Toney, which has terminated. The controversy extends only to this one-third interest. The chancellor decreed, that the

entire land was subject, and ordered its sale for the payment of the sum charged with interest from the death of the testator.

Harris Toney, who died in 1843, was at the time of his death seized and possessed of a large tract of land, which included the land involved in this suit, leaving surviving him his wife, Clarissa Toney, and four children, Martha E. Coons, wife of the testator, Mildred A. Kumpe, Matilda Toney, and Charles Toney. By decree of the Probate Court, March 1, 1844, the land in controversy was assigned to Clarissa Toney, as her dower in the real estate. In January, 1860, she conveyed her life estate in the land to Coons, the testator. Charles Toney died intestate, about 1848, never having married, and leaving his three sisters as his only heirs at law. Matilda married Anderson Barclay, and died in 1853, leaving a will, by which she gave all her property, right and interests of every kind to her husband. After the death of Matilda, Mildred married Anderson Barclay, and died in 1884. Martha Coons, who died during the life-time of her mother, acquired by conveyance Mildred's one-third interest in the reversion and devised that and her own one-third to Samuel Coons. Anderson Barclay is also dead, but at what time he died does not appear. He was adjudged a bankrupt in February, 1868, and in April following, A. W. Smith was appointed assignee of his estate. Smith having died, Alfred T. Barclay was appointed assignee in April, 1885. Samuel Coons died in December, 1877, having executed his will on the 26th day of the preceding April; and Clarissa Toney died in September, 1882.

The first question to be considered is, did the testator intend to charge the entire land, or only his reversionary interest with the payment of the three thousand dollars? We have stated the facts particularly and in detail for the reason, that the ascertainment of the intention of the testator requires that the will shall be interpreted in the light of the surrounding facts and circumstances, to which intention, when ascertained, effect must be given. The record does not disclose, that the testator ever acquired the one-third interest in the reversion of Matilda Barclay. At the time he made his will, he owned an estate in the entire land for the life of Clarissa Toney, and an undivided two-thirds share of the reversion.

In a judicial interpretation of the will, and ascertainment of the real intent the court will act on the presumption, that the testator intends only to charge what belongs to him. When the testator owns a partial or future interest in the property devised, the established rule is, that the courts will strongly lean in favor of a construction, which shows an intent to give only the interest, of which he has the power of disposition, and with which he is authorized to deal by virtue of his own

[Toney v. Spragins.]

rights; and will require clear and unambiguous expression, expressly or by clear and manifest implication, of an intent to devise the entire property. To compel an election, it must satisfactorily appear, that the testator attempted to dispose of what he did not own. The language of the will must be such as necessarily describes and includes the entirety of the property, in which he has only an undivided share, or a partial or future interest. If the expressions of the will are ambiguous or doubtful, and the court can not determine that it was manifestly the intention to dispose of property not the testator's own, the *prima facie* presumption will prevail.—In 1 Pom. Eq. Jur. § 473, the learned author says: " Whenever, however, the subject matter, upon which the instrument operates, is something in which the donor himself has a partial interest, and the donee has also a partial interest in it, or the residue of the property in it, and the language of donation is susceptible of a construction which would confine it to this partial interest of the donor, it is plain that a judicial interpretation is needed to ascertain the real intent. Under these circumstances, whenever the testator or other donor has a partial interest in the property dealt with, it is well settled, that the courts will lean most strongly—as far as possible, it has been said—in favor of an interpretation which will confine his disposition to this his own interest, an interpretation which will show an intention on his part to deal only by way of gift with this partial interest which he holds." If therefore, in view of the facts, and the condition of the title, the will can reasonably be so interpreted as to express an intention to charge only his undivided share of the reversion, such interpretation must be given.—*Havens v. Sackett*, 15 N. Y. 365; *Birmingham v. Kinoan*, 2 Sch. & Lef. 444; 1 Pom. Eq. Jur. §§ 488, 489.

Construing the will by these rules, and reading it in the light of the title held by the testator, and from whom and how derived, it does not appear that he intended or attempted to charge any interest, other than his own. After providing *out of his estate* a support for his mother-in-law by the first item of the will, such support is specially charged upon lands specifically described. The description by section, township, and range, if standing alone, may be sufficiently comprehensive to embrace the entire section, and the entire interest in the land: but it is limited, explained, and qualified by the specific and restrictive description, immediately preceeding.—" *being the lands devised to me by my deceased wife, Martha E. Coons.*" The only land or interest in land devised to him by Martha E. Coons is an undivided two-thirds share of the reversion. The special charge upon the land, for the support of the mother-in-law, connected with the general provision, that such support
35

[Toney v. Spragins.]

shall be provided out of his estate, may operate to charge the entire estate; and as the testator owned the life estate, the *special* charge may extend to the entirety of an undivided two-thirds interest. But in providing for the security of the payment of three thousand dollars, different language is used, and a charge is made specifically on "*the reversion* of said lands," without other or further description than as given in the first item. What reversion? Where the testator employs words of general description, and has a partial interest, to which the disposing language may reasonably apply, the *prima facie* presumption as to his intent will govern. The principle is, where the disposing words can be applied and confined to the interest which the testator possessed, and the will does not necessarily and clearly purport to give the entirety, the courts will so apply and confine them. The same principle applies, where the testator owns an undivided share, and there is a description restricting the property devised to his interest followed by a more comprehensive description. The estate devised to the testator was an estate in reversion. The charge for the payment of the three thousand dollars may be applied and confined to this estate in reversion upon a fair reading of the will and without violence to its purpose. Such appears to have been the real intent of the testator as extracted from all the provisions and dispositions of the will. But, if it were ambiguous or doubtful, the interpretation would be the same.

2. More than two years had expired from the death of Clarissa Toney before the assignee in bankruptcy was admitted a party defendant, and the filing of his cross-bill. If at this time the statute of limitations has operated a bar, it is as available to the defendants, as if the cross-bill were a new and independent suit. The claim of the assignee is barred by the statute of limitations of two years as to the parties claiming adversely.—Rev. Statutes U. S. § 5057; *Mohr v. Lamb*, 69 Ala. 180; *Evans v. Richardson*, 76 Ala. 329; Blumenstiel on Bankruptcy, 238. The averments of the cross-bill are insufficient to relieve the assignee from the imputation of unreasonable delay. It is not shown how or when he first came to a knowledge of facts which would put him on inquiry; and no facts constituting fraudulent concealment are averred. *James v. James*, 55 Ala. 526.

As to the claim of the assignee in bankruptcy the decree is affirmed, but reversed in all other respects. A decree will be here rendered that the complaint has a lien on the undivided two-thirds share of the land in the bill mentioned, which was devised to Samuel W. Coons, by the will of Martha E. Coons, for the three thousand dollars with interest from his death charged thereon by his will, and that the lands be sold by the

[Schuessler v. Dudley.]

register for the payment of the sum of five thousand and thirty-eight 66-100 dollars, the amount found by the chancellor to be due, with interest from June 2, 1886, the date of his decree, and dismissing·the bill as to the other one-third interest. The appellee, as administrator, will pay the costs of appeal in this court and in the Chancery Court. The costs of suit which were incurred at the instance of the assignee in bankruptcy, will be paid by such assignee, and the other costs of suit in the Chancery Court will be paid out of the proceeds of sale.

