# McCreary *v.* Jones.

*Action on Statutory Detinue Bond.*

1. *Service of process; waiver.*—Where the record fails to show service of the summons and complaint on one whose name is mentioned in the body of the summons as one of the defendants sued, and also in the caption to the complaint, but no order of discontinuance is taken as to such defendant, and in each of the pleas filed his name is mentioned in the caption, and the introductory part of each plea is, "Come the defendants," &c., and the appeal bond is signed by him and the other defendants, and recites that the appeal is taken by all the defendants, including him by name, and the clerk's certificate is to the same effect, *Held*, that he appeared as a party defendant, and such appearance was a waiver of the want of service.

2. *Joint plea by several, of defense good as to one only.*—Where three defendants join in a plea, and the defense therein set up, if good at all, is only so as a personal defense to one of them alone, the plea is bad as to all.

3. *Res adjudicata; judgment against principal on detinue bond no defense to sureties, in suit on the bond.*—In an action on a detinue bond against the principal and sureties, the damages claimed being the costs and counsel fees incurred in the detinue suit, the fact that a judgment, which has not been paid, was rendered in that suit against the principal, for such costs and counsel fees, is no defense to the sureties.

4. *Set-off by surety of demand in favor of principal.*—In an action against the principal and sureties on a detinue bond, the sureties are not entitled to set-off against the plaintiff's claim, a demand of the principal against the plaintiff, for the purchase price of the property for which the principal on the bond brought the detinue suit; the case not coming within the terms of the statute (Code, § 2681) providing that "a co-maker or surety sued alone may, with the consent of his co-maker or principal, avail himself, by way of set-off, of a debt or liquidated demand due from the plaintiff at the commencement of the suit to such co-maker or principal."

[McCreary v. Jones.]

5. *Statute of limitations, when the defense of, is not available by demurrer* —A defense that a claim pleaded in set-off is barred by the statute of limitations can not be taken by demurrer, when the plea does not show when the cause of action on the demand sought to be set off arose; but such defense should be taken advantage of by special replication to the plea of set-off.

6. *Rulings on demurrer; error without injury.*—When several separate causes of demurrer are assigned to a plea, and the demurrer is sustained generally, if the defendant declines to amend or to plead further, the judgment will be affirmed on appeal, if any ground of demurrer was well assigned.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. JOHN P. HUBBARD.

FARNHAM & CRUM, for appellants.

JOHN GAMBLE, and STALLWORTH & BURNETT, *contra.*

THORINGTON, J.—In November, 1881, G. M. Jones and A. A. Autrey, two of the appellees, purchased from D. J. Anderson four oxen and a timber cart, with the necessary fixtures, to be paid for in timber of a specified quantity and class, to be delivered at a certain place as soon as practicable, the contract being in writing, and by the terms of which a lien on the property sold was reserved in favor of the vendor. The vendees having failed to deliver the timber pursuant to the contract, the vendor brought detinue for the property sold as above stated, and after several trials the suit resulted in a verdict for the vendees, or defendants, and judgment for costs in their favor against Anderson. At the commencement of the suit the plaintiff therein entered into a detinue bond, according to the statute, with appellants as sureties thereon, upon the filing of which bond an order or fiat for the seizure of the property was endorsed on the writ of detinue by the clerk. Appellees replevied the property, and it was restored to them by the sheriff. The obligees in the detinue bond, Jones and Autrey, brought this action against Anderson, the principal obligor, and McCreary and Savage, his sureties, for a breach of the bond, the damages claimed being the costs and counsel fees incurred by Jones and Autrey in the detinue suit. The defendants pleaded the general issue and four special pleas. Two of the latter are confined to so much of the complaint as seeks to recover the costs of the detinue suit, and set up as a bar the judgment for costs in said suit in favor of Jones and Autrey, plaintiffs in this suit and defendants in the detinue suit. And the other two special pleas seek to set off the indebtedness from

38-96.

Jones and Autrey to Anderson for the price of the oxen, timber cart, and fixtures sold by him to them pursuant to the written contract of sale, and which price it is alleged was never paid.    The case has been to this court twice before this appeal, but the questions then determined have no bearon those now presented for our consideration.

In what we have to say it will be assumed that D. J. Anderson was a party defendant to this suit, and in that we are borne out by the record.    We will state the facts leading to the conclusion, inasmuch as appellees' demurrer is based in part on the contrary assumption.    The summons and complaint is returned by the sheriff as executed on the defendants, McCreary and Savage, but the return is silent as to D. J. Anderson.    There is no order of discontinuance as to Anderson, or other notice taken, so far as the record shows, of the want of service on him.    His name is mentioned in the body of the summons as one of the defendants sued, and also in the caption to the complaint.    In each of the pleas filed his name is the first mentioned in the caption, and the introductory part of each plea is, "Come the defendants," &c.    The appeal bond is signed by said Anderson and the other defendants, and recites that the appeal is taken by all the defendants, including Anderson by name, and the clerk's certificate is to the same effect.    Under these circumstances, there can be no doubt that Anderson appeared as a party defendant, notwithstanding the failure of the record to show service on him, and such appearance must be held a waiver of the want of service.

The two special pleas which set up the judgment against appellant Anderson for the costs and counsel fees incurred in the detinue suit, as a bar to so much of plaintiff's demand as consists of said costs and counsel fees, are filed jointy by Anderson and the other defendants, who were not parties to the detinue suit, and consequently in no way liable under that judgment;—it is a personal judgment against Anderson alone.    Whether that judgment would bar a recovery against Anderson in this action, had he availed himself of the defense by a separate plea in bar of so much of appellee's demand as is covered by such costs and expenses, we need not inquire.    Anderson's co-appellants, who joined with him in the pleas, became liable for such costs and expenses on the breach of the bond which occurred on Anderson's failure to prosecute the detinue suit to effect according to the condition of the bond.—*Foster v. Napier*, 74 Ala. 393.    The fact that a judgment was rendered against Anderson in that suit for the costs and counsel fees incurred therein by appellees (and

[McCreary v. Jones.]

which judgment the pleas fail to aver has been paid), can afford no protection to Anderson's co-appellants in this suit, who were the sureties on the detinue bond. The fact that Anderson is also liable for such costs and expenses by virtue of said judgment can not operate *per se* to absolve the sureties from their liability for the same costs and expenses arising from the breach of the bond. Nothing but payment or a release by the act of the parties or by operation of law could have that effect.

The pleas are filed jointly by three defendants, and the defense therein set up, if good at all, is only so as a personal defense to one of them alone. In such cases the ruling of this court is that the plea is bad as to all the defendants. *Doe ex dem. Evans v. Richardson*, 76 Ala. 329; *Overdeer v. Wiley*, 30 Ala. 709. As stated in Chitty on Pleading, the principle is as follows: "A plea which is bad in part is bad *in toto;* if, therefore, two defendants join in a plea, which is sufficient for one, but not for the other, the plea is bad as to both."—1 Chitty on Pleading (18 Amer. Ed.), p. 594.

What has been said applies equally to the third and fourth pleas, which undertake to set-off appellee's alleged liability to Anderson for the purchase-price of the property, under the contract of sale, against the demand sued for in this action. Clearly, Anderson's co-defendants in this action have no interest in, or ownership of, that contract. It is not a demand on which they could maintain an action of debt or *indebitatus assumpsit* in their own names against the parties suing in this action. "Less than this is not mutuality. Ownership at the time of suit brought is of the very essence of the right" to plead the claim as a set-off.—*Jones v. Blair*, 57 Ala. 457. Nor is it a case coming within the terms of section 2681 of the Code. It is not an action in which sureties are sued alone, nor is the claim sought to be set-off against plaintiffs' cause of action, a debt or liquidated demand within the meaning of said section. The third and fourth pleas, therefore, are clearly insufficient as a defense for two of the defendants, and consequently bad as to all. The demurrers, though somewhat argumentative and informal, reached these defects, and there was no error in the action of the court in sustaining them.

The demurrer on the ground that the claim pleaded as a set-off is barred by the statute of limitations was not well taken, for the reason that it does not appear from the facts stated in the plea when the cause of action accrued on the contract of sale. By its terms, as the pleas show, delivery of the timber was to be made within a reasonable time from

[Chandler v. Jost.]

the date of the contract, but what was such reasonable time, or at what time the obligation of the contract became absolute, does not appear from the face of the plea. This defense, therefore, was not available by demurrer, but by special replication to the plea of set-off. Sustaining this ground of demurrer, however, was not an error of which appellants can avail themselves, the rule in this court being that when several separate causes of demurrer are assigned to a plea, and the demurrer is sustained generally, if the defendant declines to amend or to plead further, this court will affirm the judgment if any ground of demurrer was well assigned, Furthermore, such ruling, in view of what has been said above in respect of said pleas, is, at most, error without injury.

The special pleas being insufficient in law, and the demurrers thereto being properly sustained, there was no error in the ruling of the court in excluding from the testimony the contract between Anderson and appellees, nor in the action of the court in giving the general affirmative charge in favor of the plaintiffs.

The judgment of the Circuit Court is therefore affirmed.
Affirmed.