# Bomar v. Rosser.

### *Action upon Promissory Note.*

1. *Waiver of objections to illegal evidence.*—In an action on promissory notes, where evidence is admitted without objection which is only relevant to an issue that has been eliminated by the pleadings, the case may be tried on that irrelevant evidence.

2. *Charge to jury; fraud without damage.*—In an action on promissory notes to which there is pleaded a set-off, and plaintiff replies that the defendant made a false representation to plaintiff as an inducement to the execution of the notes sought by defendant to be set off in his plea, and evidence is admitted supporting the set-off and tending to show no injury, it is error to refuse to charge, at the request of defendant, that unless the alleged misrepresentation was damaging to plaintiff he cannot recover.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This action was instituted by appellee against appellant upon certain promissory notes ,executed by the latter to the former.   The defendant pleaded several set offs, and, among others, a note executed by the plaintiff to one Harlan, and purchased by and transferred to the defendant before suit.   Plaintiff replied to the plea of set-off of said note, that it had been procured by false representations in that the consideration was the purchase of a tenth interest in a certain patent, and it was represented that certain other persons had purchased, or would purchase, an interest in said patent, and join in the organization of a joint stock company to put the patent upon the market.   Demurrers to the replications setting up this defense by way of set-off were sustained, but evidence was received without objection tending to prove the set-off and to overcome the effect of the replications.   The evidence tended to show that plaintiff obtained a deed to a one-tenth interest in the patent, but that the persons who, according to

the representations, had purchased, or would purchase an interest in the patent, and join in the organization of the company, had not and would not do so. It was further shown that there was an attempt to organize the company and plaintiff refused to participate therein. The evidence further disclosed that interests in the patent were purchased by parties as responsible as those in regard to whom representations were alleged to have been made. Upon the trial the defendant asked the following written charges, which were refused, to-wit: (4.) "The court charges the jury that a meretorious patent right has a monied value in proportion as it secures convenience, decreases labor or enhances pleasure." (7.) "The court charges the jury that unless the alleged representations by defendant as to Joe Cothran having taken and as to Bob Smith agreeing to take each an interest in the said patent right damaged the plaintiff, then he cannot avail himself of any such alleged representations."

There were verdict and judgment for the plaintiff, and defendant appeals, assigning for error, among other things, the refusal to give the charges above set out.

II .W. CARDEN, for appellant.

No counsel marked as appearing for the appellee.

TYSON, J.—Notwithstanding the special replications to the defendant's plea of set-off were eliminated by demurrer, it appears that evidence was introduced without objection which was only relevant to the issue tendered by them and that the case was tried upon that irrelevant evidence. "Parties may try their controversies on illegal evidence, if they choose to do so."—*Moore v. Crowder,* 72 Ala. 79; *Osborn v. The State,* 125 Ala. 106. The failure to object to the admission of this evidence or to move its exclusion was a waiver of all objection to its legality.—*Thompson v. Odum,* 31 Ala. 108; *Masterson v. Pullen,* 62 Ala. 145. "Where the issues presented by the pleadings are mutually disregarded and evidence not competent under the pleadings is admitted, it is erroneous to refuse an instruction

based on such evidence."—11 Ency. Pl. & Pr., 166. The reason for this rule is stated in 2 Thomp. on Trials (§ 2310) to be: "The object of pleadings being merely to *notify* the opposite party of the ground of action or defense, if the party comes into court, it is not perceived why he may not *waive* the notice as in every other case, although the pleading may not advise him of the case or defense which is actually tendered in the evidence. Several of the best courts in the country proceed upon this enlightened view. The sound view is believed to be that the instructions have no connection with the pleadings, except *through* the evidence. The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense and to guide the court in admitting or rejecting evidence. The jury have nothing to do with them," etc.

The leading issue raised by the evidence and presented to the jury for their determination was whether the defendant falsely represented to plaintiff that Joe Cothran had taken a share and Bob Smith had taken or would take a share in the joint stock company to be organized for the sale of a certain patent, upon which he, plaintiff, had a right to rely and did rely to his injury as an inducement to the execution of the notes sought by defendant to be set off in his plea.

As to whether said representations were made, the evidence was in conflict. It will not be doubted that a fraudulent representation of a material fact, in contradistinction to a false promise, calculated to deceive when relied upon and acted on, to the damage of the party to whom made, furnishes a ground for avoiding the contract.—*Davis v. Betz,* 66 Ala. 206; *Young v. Arntz,* 86 Ala. 116; *Overdeer v. Wiley,* 30 Ala. 711. Injury or damage must be shown to have resulted from the fraud if practiced. "Falsehood and deceit are always subject to moral condemnation, but it is not appointed to human tribunals to sit in judgment upon mere moral delinquencies or abstract wrongs, affecting only the conscience. Such tribunals take cognizance of delinquencies and wrongs only where another has been induced by them to do some act to his own in-

jury. Deceit and fraud, if not acted upon, or if not accompanied by injury, are moral, not legal wrongs." Continuing, the author says: This "rule applies when fraud is relied upon as ground for rescission of a contract at law, whether the fraud be set up as a defense in an action on the contract or an action be brought after rescission to recover what has been parted with under the contract."—14 Am. & Eng. Ency. Law, 137, 138 and notes. This principle is tersely stated in *Overdeer v. Wiley, supra,* in this language: "Fraud, without damage, gives no cause of action; but when these two do occur, and meet together, there an action lieth."

The evidence in this case shows without dispute that the shares or interest in the patent which the plaintiff claims were to be sold to Cothran and Smith, were sold to other persons of equal financial credit and responsibility. Indeed the evidence discloses undisputedly that all the shares sold, except to plaintiff, and defendant, were to as responsible men as there were in the county. On this phase of the case the general affirmative charge could have well been given for defendant, had it been requested. However this may be, it is quite certain that the defendant was entitled to have the third and seventh written charges requested by him given.

It may not be amiss to say, for the purpose of another trial, notwithstanding the evidence was not objected to, that the plaintiff should not be allowed, if objection is made, to offer proof that it was agreed, before the note which the defendant offers to set-off was executed, that the note would be surrendered to him. He cannot in this way be permitted to contradict his absolute unconditional written promise to pay.—*Mead v. Steger,* 5 Port. 498; *Ohlander v. Dexter,* 93 Ala. 441; *Day v. Thompson,* 65 Ala. 269.

Reversed and remanded.